UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| SHANON SCHMIDTKNECHT individually and WILLIAM SCHMIDTKNECHT individually and as Special Administrator of the Estate of COLE SCHMIDTKNECHT,<br><br>Plaintiffs,<br><br>v.<br><br>OPTUMRX, INC.; WALGREEN CO., a/k/a WALGREENS BOOTS ALLIANCE, INC., d/b/a WALGREENS PHARMACY, and WALGREENS PHARMACY,<br><br>Defendants. | Case No. 1:25-CV-00093-BBC |

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16(a)(1), and the Court's August 27, 2025 Notice of Rule 16(b) Telephone Scheduling Conference (ECF No. 31), Plaintiffs Shanon Schmidtknecht, William Schmidtknecht, and Estate of Cole Schmidtknecht (collectively, "Plaintiffs"), Defendant Walgreen Co. ("Walgreen"), incorrectly named herein as Defendants Walgreen Co. a/k/a Walgreens Boots Alliance, Inc. d/b/a Walgreens Pharmacy and Walgreens Pharmacy, and Defendant OptumRx, Inc. ("Optum Rx") (collectively, "Defendants") met and conferred via video conference on September 15, 2025. The Parties now submit the following Joint Rule 26(f) Report:

1. **Short Statement of the Nature of the Case**

This is a wrongful death action arising out of 22-year-old Cole Schmidtknecht's death on January 21, 2024 following an asthma attack on January 15, 2024. Plaintiffs claim common law

negligence against both Optum Rx and Walgreen, as well as negligence per se against Optum Rx only.

### (a) Plaintiffs' Claims Against Optum Rx

Plaintiffs' negligence and negligence per se claims against Optum Rx stem from Optum Rx's decision effective January 1, 2024 to implement a formulary change resulting in their no longer providing insurance coverage for Advair Diskus, Cole Schmidtknecht's prescribed asthma maintenance medication, or any generic alternative, and the resulting increase in out-of-pocket cost. Plaintiffs allege that Optum Rx failed to abide by Wisconsin statutory law and the common law standard of care in connection with implementing this formulary change, including, but not limited to, by failing to base this formulary change on peer-reviewed, evidence-based research, failing to publicly disclose the bases for this formulary change, by failing to provide Cole with advanced notice of the change and causing Walgreens to charge over $500 for a refill of Advair Diskus.

Optum Rx denies Plaintiffs' claims against it in their entirety. Optum Rx specifically denies that it dictates coverage decisions for its plan sponsor clients, including the Kriete Plan. The Kriete Plan adopted the formulary at issue effective January 1, 2024, which among other things, covered generic Advair Diskus after step therapy. Optum Rx also specifically denies that the prescription at issue was for a refill of Advair Diskus. Optum Rx maintains that Plaintiffs' claims against Optum Rx are preempted in their entirety by the Employment Retirement Income Security Act ("ERISA"). Optum Rx further denies Plaintiffs' claims on grounds, *inter alia*, that Optum Rx did not owe or assume any duty to Cole Schmidtknecht or to Plaintiffs, Plaintiffs cannot establish a standard of care applicable to pharmacy benefit managers under Wisconsin common law, Plaintiffs cannot show that Optum Rx violated a safety statute sufficient to prove

2

4920-0369-7514.3

Case 1:25-cv-00093-BBC   Filed 09/22/25   Page 2 of 10   Document 32

negligence per se, that Plaintiffs cannot show any acts or omissions of Optum Rx caused Plaintiffs' alleged damages, including because such alleged damages were caused by Cole Schmidtknecht and/or Plaintiffs' own negligence or by the acts or omissions of third parties for whom Optum Rx is not responsible, and because Plaintiffs' claims are barred by public policy.

### (b) Plaintiffs' Claim Against Walgreen

Plaintiffs' negligence claim against Walgreen stems from Cole Schmidtknecht's alleged attempt to fill his prescription for Advair Diskus at a Walgreens retail pharmacy on or around January 10, 2024. Plaintiffs allege that Walgreen negligently failed to assist Cole Schmidtknecht to obtain Advair Diskus or a generic equivalent at a reasonable cost.

Walgreen denies Plaintiffs' claim in its entirety. Walgreen affirmatively alleges, *inter alia*, that Walgreen did not owe or assume any duty to Cole Schmidtknecht or to Plaintiffs, liability against Walgreen contravenes public policy as a matter of law, and Plaintiffs' alleged damages were caused by Cole Schmidtknecht and/or Plaintiffs' own negligence or by the fault or negligence of others over whom Walgreen has no control or responsibility.

### 2. Contemplated Motions

Optum Rx and Walgreen contemplate motions for summary judgment.

### 3. Settlement Discussions

The parties have not yet engaged in any settlement discussions.

### 4. Basis for the Court's Subject Matter Jurisdiction

This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Complete

3

4920-0369-7514.3

Case 1:25-cv-00093-BBC    Filed 09/22/25    Page 3 of 10    Document 32

diversity exists because Plaintiffs are citizens of Wisconsin, and Defendants are citizens of California (Optum Rx) and Illinois (Walgreen).

5. **Exemption from Initial Disclosures and Discovery Conference**

This action is not exempted from initial disclosures or the parties' discovery conference under Federal Rules of Civil Procedure 26(a)(1)(B) and 26(f).

6. **Any Other Matters that May Affect Further Scheduling of Case for Final Disposition**

The parties are not aware of any other matters that may affect further scheduling of this case for final disposition.

# DISCOVERY PLAN

1. **Proposed Case Schedule**

| Event | Parties' Proposed Date |
|---|---|
| Rule 26(a)(1) Initial Disclosures | October 31, 2025 |
| Submission of Stipulated Protective Order and ESI Protocol | November 14, 2025 |
| Amendments to Pleadings Without Leave | January 16, 2026 |
| Disclosure of Experts and Expert Reports: Plaintiffs | July 10, 2026 |
| Disclosure of Experts and Expert Reports: Defendants | August 14, 2026 |
| Close of Discovery | September 18, 2026 |
| Dispositive Motions | October 16, 2026 |
| Motions in Limine and Rule 26(a)(3) Disclosures | December 4, 2026 |
| Responses to Motions in Limine and Objections to Rule 26(a)(3) Disclosures | December 18, 2026 |
| Final Pretrial Conference | January 18, 2027 |
| First Day of Trial | February 1, 2027 |

In addition to filing motions for summary judgment pursuant to the procedures set forth in Fed. R. Civ. P. 56 and Civil L.R. 56, parties may elect to file a streamlined summary judgment motion ("SSJ motion") when a wholly or partially dispositive issue is narrow, discrete, and capable of early resolution without the need for extensive discovery. Such SSJ motions will be governed by the SSJ Procedures described in the Procedures for Litigants Appearing Before Judge Griesbach or such other procedures as this Court may prescribe.

## 2. Miscellaneous Discovery Items

### (a) Protective Order

The parties anticipate the need for a protective order governing the exchange of personal health information and confidential business information and intend to negotiate and file a stipulated protective order by November 14, 2025.

### (b) Limitations

The parties agree that draft expert reports and attorney communications with experts will not be subject to discovery and shall not be admissible. However, all materials that an expert relies upon in connection with his or her final expert report shall be discoverable.

The parties do not presently request the Court to order any further limits on discovery.

### (c) Subjects on Which Discovery May Be Needed[1]

At this time, the parties anticipate that they may need discovery on the following subjects:

1. Cole Schmidtknecht's medical history, including his medication history, both prescription and non-prescription;

2. Cole Schmidtknecht's health insurance history, including with Defendants, and prior formularies that had covered his prescription for Advair Diskus;

3. Cole Schmidtknecht's and Plaintiffs' education background;

4. Cole Schmidtknecht's and Plaintiffs' employment history;

5. Cole Schmidtknecht's and Plaintiffs' wage and/or salary history;

---

[1] The parties reserve all rights to object on any permitted ground to any specific discovery requests concerning the subjects of discovery listed in this section.

6. Cole Schmidtknecht and Plaintiffs' communications regarding Cole Schmidtknecht's medical history, including his medication history;

7. Cole Schmidtknecht and Plaintiffs' communications with Optum Rx;

8. Cole Schmidtknecht and Plaintiffs' communications with Walgreen;

9. Cole Schmidtknecht's relationship with Plaintiffs;

10. The Kriete Plan's adoption of the formulary at issue and its communications with its members, including Cole Schmidtknecht and Plaintiff William Schmidtknecht, regarding changes to the Kriete Plan and its formulary;

11. Plaintiffs' and Cole Schmidtknecht's knowledge of changes to the Kriete Plan formulary;

12. Plaintiffs' damages due to the death of their son;

13. All circumstances and witnesses surrounding Cole Schmidtknecht's alleged attempt to fill and/or pick up his prescription for Advair Diskus at a Walgreens retail pharmacy on or around January 10, 2024;

14. All circumstances and witnesses surrounding Cole Schmidtknecht's January 15, 2024 asthma attack, including Cole Schmidtknecht's activities in the days and hours leading up to the asthma attack;

15. All circumstances and witnesses surrounding the effects of Cole Schmidtknecht's January 15, 2024 asthma attack, including his medical treatment and hospitalization until his death;

16. <u>Plaintiffs' position:</u> Defendant Optum Rx's business practices that led to their determining and implementing the formulary change at issue;

Optum Rx's position: Defendant Optum Rx's actions to determine and implement the formulary change at issue;

17. Defendant Optum Rx's policies for providing notice of formulary changes and actions regarding notification of the formulary change at issue;

18. Defendant Walgreen's training and other business practices regarding how its employees served and advised patients whose medications changed in price;

19. Defendant Walgreen's staffing and other business practices at retail pharmacies, including at the location where Cole Schmidtknecht allegedly attempted to fill and/or pick up his prescription for Advair Diskus on or around January 10, 2024;

20. Defendants' internal communications, communications with one another, and communications with the Kriete Plan and Optum Rx's Pharmacy & Therapeutic Committee regarding the formulary change at issue;

and

21. Defendants' insurance to satisfy all or part of a judgment in this matter.

**(d) Production of Electronically Stored Information**

The parties further anticipate the need for an ESI protocol to govern electronic discovery in this matter, which the parties intend to negotiate and agree upon. The parties anticipate electronic discovery in this matter may include, without limitation, emails, SMS messages, non-SMS messaging applications, media files, and social media communications.

The parties will submit a stipulated ESI protocol that addresses the production of ESI in more detail to the Court for approval no later than November 14, 2025. To the extent any additional issues arise with respect to the discovery of ESI, the parties shall cooperate and work together in good faith to reach an agreement.

**(e) Privilege and Work Product Issues**

The parties agree that the inadvertent disclosure of privileged or otherwise protected material shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B).

The parties agree that communications or documents that are privileged or protected as work product and that are generated after the commencement of this litigation need not be included in a privilege log under Federal Rule of Civil Procedure 26(b)(5).

**(f) Electronic Copies and Service**

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties consent to service by electronic means. The parties agree that such service shall be complete upon transmission, provided that the sender does not receive any indication that such transmission was unsuccessful. Service of filings may be made through the Court's ECF system. For all other documents, service shall be made to those e-mail addresses for counsel set forth on the Court's electronic docket.

The parties agree that duplicate copies of all written discovery requests and all proposed findings of fact shall be served electronically in editable form, *e.g.*, in Microsoft Word.

Respectfully submitted this 22nd day of September, 2025.

*/s/ Helen A. Lawless (with permission)*
Jerome A. Hierseman
State Bar No. 1005140
**END, HIERSEMAN AND CRAIN L.L.C.**
731 North Jackson Street, Suite 600
Milwaukee, Wisconsin 53202
Tel.: (414) 278-8060
jhierseman@ehclaw.com

Michael A. Trunk *(admitted pro hac vice)*
Helen A. Lawless *(admitted pro hac vice)*
**KLINE & SPECTER, P.C.**
1525 Locust Street
Philadelphia, Pennsylvania 19102
Tel.: (215) 772-1000
michael.trunk@klinespecter.com
helen.lawless@klinespecter.com

Mark Cuker *(admitted pro hac vice)*
**CUKER LAW FIRM L.L.C.**
500 Office Center Drive, Suite 400
Fort Washington, Pennsylvania 19034
Tel.: (215) 559-6951
mark@cukerlaw.com

*Attorneys for Plaintiffs Shanon Schmidtknecht, William Schmidtknecht, and Estate of Cole Schmidtknecht*

*/s/ Stacy A. Alexejun*
Eric W. Matzke
State Bar No. 1079340
**QUARLES & BRADY LLP**
411 East Wisconsin Avenue, Suite 2400
Milwaukee, Wisconsin 53202-4428
Tel.: (414) 277-5000
eric.matzke@quarles.com

Stacy A. Alexejun
State Bar No. 1074016
**QUARLES & BRADY LLP**
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
Tel.: (608) 251-5000
stacy.alexejun@quarles.com

*Attorneys for Defendant Walgreen Co., incorrectly named herein as Defendants Walgreen Co. a/k/a Walgreens Boots Alliance, Inc. d/b/a Walgreens Pharmacy and Walgreens Pharmacy*

*/s/ Andrew C. Gresik (with permission)*
Matthew D. Krueger
State Bar No. 1096923
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-5306
Tel.: (414) 297-4987
mkrueger@foley.com

Andrew C. Gresik
State Bar No. 1104650
**FOLEY & LARDNER LLP**
150 East Gilman Street, Suite 5000
Madison, Wisconsin 53703
Tel.: (608) 258-4235
agresik@foley.com

*Attorneys for Defendant OptumRx, Inc.*