UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHANON SCHMIDTKNECHT, <br> WILLIAM SCHMIDTKNECHT, <br> ESTATE OF COLE SCHMIDTKNECHT, <br> by William Schmidtknecht as Special Administrator, <br><br> Plaintiffs, <br><br> v. <br><br> OPTUMRX, INC., <br> WALGREEN CO., <br> a/k/a Walgreens Boots Alliance, Inc., <br> d/b/a Walgreens Pharmacy, and <br> WALGREENS PHARMACY, <br><br> Defendants. | Case No. 1:25-CV-93-BBC |

**PROTECTIVE ORDER**

Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

Under Fed. R. Civ. P. 26(c) and Civil L.R. 26(e), **IT IS THEREFORE ORDERED**:

1. **Definitions**

   (a) "Document" is defined to be synonymous in meaning and equal in scope to the definition of that term in Fed. R. Civ. P. 34(a).

(b) "Counsel of Record" is any attorney, paralegal, technology specialist, or employee of Kline & Specter, P.C.; Cuker Law Firm L.L.C.; End, Hierseman and Crain L.L.C.; Foley & Lardner LLP; and Quarles & Brady LLP, or other law firm that makes an appearance in this action.

(c) "In-House Counsel" is any attorney or paralegal who is an employee of a party to this action.

(d) "Information" shall mean and include information contained in or ascertainable from any Materials.

(e) "Materials" shall mean documents, portions of documents, product samples, answers to interrogatories, responses to requests for admissions, deposition testimony, trial testimony, and transcripts of deposition testimony and trial testimony, including data, summaries, and compilations derived therefrom.

(f) "Producing Party" or "Designating Party" shall refer to any party to this action, or to any third party (whether voluntarily or pursuant to subpoena), who discloses, testifies about, produces, or makes available for inspection any Information or Materials under any of the confidentiality designations defined in Sections 1(h)-(i).

(g) "Receiving Party" shall refer to any person who receives from a Producing Party any Information or Materials under any of the confidentiality designations defined in Sections 1(h)-(i).

(h) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" shall mean information that is so commercially sensitive that disclosure of the information to unaffiliated parties or third parties would likely harm the competitive or commercial position of the Designating Party or reveal highly confidential personal financial information, including by

2

way of non-limiting example: (1) non-public information related to a party's products, services, and/or platforms, or products, processes, and/or platforms under development; (2) non-public financial and marketing information; (3) non-public business plans, policies and procedures, SOPs, and contracts; (4) non-public price lists and pricing information; (5) non-public license agreements, licensing policies, or other related documents; (6) non-public customer information; (7) non-public financial information; and (8) information obtained from a third party pursuant to a current non-disclosure agreement. All parties will use reasonable care to limit their designations of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to Information and Materials that they reasonably believe fall into this category.

(i) "CONFIDENTIAL INFORMATION" shall mean any information that is not designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY but which a party maintains as confidential in the ordinary course of its business, including, but not limited to, identifiable information about individuals which is subject to the protection of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or other similar statutory or regulatory privacy protections.

**THIS ORDER CONSTITUTES A QUALIFIED PROTECTIVE ORDER UNDER 45 C.F.R. 164.512(e)**

(j) The parties expressly understand and agree that certain Documents and Information relevant to the claims and defenses in this action may contain medical information, including protected/personal health information ("PHI"), regarding or relating to individuals who have a privacy interest in such information and that disclosure thereof would be contrary to the law and public interest. The parties also understand and agree that such Documents and Information may be subject to the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to HIPAA or other similar

3

statutory or regulatory privacy protections. The parties agree that, once adopted, this Protective Order will constitute a Qualified Protective Order under 45 C.F.R. § 164.512(e). Thus, in accordance with the requirements of the regulations promulgated under HIPAA, specifically 45 C.F.R. §§ 164.512(e)(1)(ii)(B) & (v), the Court enters this Protective Order as a HIPAA Qualified Protective Order, as that term is defined in the foregoing regulations, and requires that all parties to this action comply with the following:

    (i)      The parties are prohibited from using or disclosing PHI received in connection with the above-styled action for any purpose other than the litigation of the above-styled action; and

    (ii)     The parties are required to return to the Producing Party or entity or destroy the PHI (including all copies made) pursuant to Section 8 of this Protective Order.

    (iii)    Notwithstanding the foregoing subsections (i) and (ii), the parties understand and agree that nothing in this Paragraph is intended to prohibit a party's use or disclosure of its own PHI or PHI to which the parties are legally entitled, including specifically Plaintiffs' use and disclosure of their own PHI or the PHI of any family members, including that of Plaintiff-Decedent.

In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any right to repayment of costs or other appropriate objection or privilege that may be timely asserted, each party's legal counsel and employees, agents and designees of each party or each party's legal counsel in this case are expressly and specifically AUTHORIZED and ORDERED to:

(i) respond to valid requests for production or interrogatories served in the above-styled action for production of documents containing protected health information; and

(ii) respond as to each one of a party's own expert(s) who requests, either orally or in writing, PHI for purposes of reviewing the claims in the above-styled action in whole or in part, whether the expert is a consulting or trial expert, and whether the expert is considered retained for compensation or non-retained, by disclosing and providing such requested protected health information.

The authorization and order set forth in this Section, in compliance with both HIPAA regulations and any applicable state law not preempted by HIPAA, expressly includes PHI concerning psychological and mental health records (excluding psychotherapy notes), disability status and records. The command of the Court in this Paragraph is a separate authorization for use of PHI that is in addition to, and inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth above.

In addition, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any right to prepayment of costs or other appropriate objection or privilege that may be timely asserted, each deponent duly noticed for deposition or document production pursuant to subpoena in the above-styled action, including but not limited to a party, a fact witness, a records custodian, an expert, a treating physician, and a healthcare provider of any type, is expressly and specifically AUTHORIZED and ORDERED to use or to disclose to the attorneys, employees, agents, and designees of each party or each party's legal counsel in this case, the PHI that is responsive to deposition questions or a valid subpoena duces tecum at such

duly noticed deposition or document production.  The authorization and order set forth in this Paragraph, in compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, expressly includes PHI concerning psychological and mental health records (excluding psychotherapy notes), disability status and records.  The command of the Court in this Paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth above.

2. **Confidentiality Designation**

Any party may designate any Information or Materials under either of the confidentiality designations defined in Sections 1(h)-(i) if the Information or Materials contain information that meets the definition of the selected confidentiality designation.

(a) Materials, other than deposition testimony and transcripts thereof, shall be so designated by placing the appropriate one of the phrases "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the Materials containing such Information.

> (i) In the case of native electronic files, such phrase shall be inserted as part of the filename of the document in a visible manner.  The metadata of each such document must be preserved prior to applying the designation in this manner.
>
> (ii) In the case of paper documents or documents produced as TIFF images, such phrase shall be placed on each page of the document, consistent with Section II.2.b. of the Stipulated Order Governing the Production of Electronically Stored Information.

(b) Deposition testimony shall be so designated by counsel for any party by indicating one of the confidentiality designations from Sections 1(h)-(i) on the record at the time of the deposition or thereafter in writing by or before the expiration of a period of thirty (30) calendar days after the receipt of a final deposition transcript.  All parties will use reasonable care to limit any such designations under Sections 1(h)-(i) only to those specific portions or pages of the deposition transcript that they reasonably believe fall into the category under Section 1(h) or Section 1(i).  After the expiration of the thirty-day period, only the pages of the deposition transcript specifically designated as confidential under Section 1(h) or Section 1(i) shall thereafter remain confidential.  Corresponding portions of video, DVD, audio, or other recorded versions of the depositions will automatically have the same designations as the corresponding synced portions of the written transcript.

    (i) Until the expiration of the 30-day period, all transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY unless otherwise agreed by the parties in writing.

    (ii) A Designating Party, at its option, may bar from attendance at a deposition any person who is not entitled to receive any designated Information or Materials to be disclosed.  However, such exclusion will be limited to the portion of the deposition during which that designated Information or Materials is discussed.

**3. Restrictions on Disclosure and Use**

(a) No person may disclose to another person or entity any Information contained in or derived from any Materials designated by a party to be HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with Section 1(h) without prior written or on-the-record authorization from the party that made the designation unless:

7

(i) the recipient is Counsel of Record;

(ii) the recipient is In-House Counsel;

(iii) the recipient is a court reporter undertaking their duties in a deposition or other examination relating to this matter;

(iv) the recipient is a contractor retained by a Counsel of Record in connection with the copying, storage, or processing of documents under the employ or supervision of Counsel of Record and has agreed to maintain strict confidentiality of the Materials;

(v) the recipient is a graphics consultant, jury consultant, translator, interpreter, or similar litigation service provider retained by a Counsel of Record, if said provider has signed an agreement to be bound by the terms of this Protective Order in the form attached hereto as Exhibit A;

(vi) the recipient is an expert (or a member of the expert's staff) retained by a party or Counsel of Record in connection with inspection, analysis, and/or formation of an opinion for testimony or negotiation of this matter and

   (1) is not otherwise currently, regularly, or expecting to be employed by any party; and

   (2) has signed an agreement to be bound by the terms of this Protective Order in the form attached hereto as Exhibit A.

(vii) the recipient is an employee, officer, or director of the party who designated the Materials as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;

(viii) the recipient is the author, is the addressee, is copied on, or is otherwise indicated to be a lawful recipient of the Materials as indicated by the document or its source;

(ix) the recipient is a Judge, Magistrate Judge, law clerk, clerk, or other employee of a court before which this matter is at that time pending; or

(x) the recipient is a mediator of the dispute underlying this action, provided that the mediator has signed an agreement to be bound by the terms of this Protective Order in the form attached hereto as <u>Exhibit A</u>.

(b) Information and/or Materials designated as CONFIDENTIAL shall be viewed only by the persons identified in Section 3(a) in accordance with the provisions of that Section, as well as the additional individuals listed below, provided that each such additional individual has read this Protective Order:

(i) The parties involved in this action;

(ii) Employees and agents of the parties involved in this action having a need to know the Information in connection with the prosecution or defense of this action;

(iii) Technical personnel of the parties with whom counsel for the parties find it necessary to consult in preparation for trial of this action; and

(iv) Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

(c) No use shall be made of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Materials by any recipient under subsections (a)-(b) except in connection with the administrative, judicial, or private resolution of this matter. For the avoidance of doubt, recipients of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Materials shall not use such Information or Materials for business purposes, any actual or contemplated dispute or litigation other than this matter, or disclosure except as permitted hereunder.

(d) Nothing herein shall prevent a person from disclosing or using Information or Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order but lawfully acquired without restriction by that person other than through production or disclosure in this matter. Nothing herein shall prevent a party from relying on any legal basis other than this Protective Order in seeking to restrict such disclosure or use.

**4. Advice of Counsel and Privilege**

Nothing in this Protective Order shall bar or otherwise restrict any attorney from relying upon their examination of Materials designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with Section 1(h) in rendering advice to their client with respect to this matter. In rendering such advice or in otherwise communicating with their client, however, the attorney shall not disclose the content (in whole or in part) of any such Information or Materials, unless the client is permitted to receive such information pursuant to Sections 3(a), 3(b), or 3(d).

**5. Disputes Regarding Confidential Designations**

Any party may move for a ruling that Information or Materials designated under either of the confidentiality designations in Sections 1(h)-(i) is not entitled to such status and protection.

The party who made the designation shall bear the burden of showing that the designation was warranted. Such a motion may be filed not less than ten (10) calendar days after (a) the moving party serves a written request for modification upon the party who designated the Information or Materials hereunder or (b) the parties have otherwise met and conferred on the issue in good faith.

6. **Inadvertent Failure to Designate; Inadvertent Production**

A party who inadvertently fails to designate Information or Materials under either of the confidentiality designations in Sections 1(h)-(i) does not thereby waive the right belatedly to do so, but the recipient of such Information or Materials shall not suffer sanction for disclosure of the Information or Materials prior to the date on which it receives actual notice of the confidential nature of the Information or Materials. The parties agree to cooperate to minimize the publication of any inadvertently disclosed Information or Materials. Counsel of Record will undertake their best efforts with all due diligence to retrieve all copies of the inadvertently disclosed Information or Materials from any person who would not have been allowed access to it if it had been properly designated.

Inadvertent production of Information and Materials subject to work product immunity or the attorney-client privilege shall not, by that act alone, constitute a waiver of the immunity or privilege, provided that the Producing Party notifies the Receiving Party in writing promptly upon learning of same. Such inadvertently-produced Information and Materials, and all copies thereof, shall be returned to the Producing Party, or destroyed, upon request. No use may be made of such Information and Materials subsequent to the request to return them except as determined by the Court. Nothing in this Protective Order shall prevent any party from requesting that the Court order the production of any such inadvertently produced Information and Materials; however, the fact of the inadvertent production shall not be used as an argument

that the attorney-client privilege or other protections have been waived by the Producing Party.

**7.      Filing and Use of Confidential Material in Court Proceedings**

(a)     If a party believes it is necessary to file documents containing or describing all or a portion of the content of any Information or Materials designated under either of the confidentiality designations defined in Sections 1(h)-(i), it shall file such documents under seal in accordance with the Court's electronic filing procedures.  Documents filed under seal shall be clearly marked with the words "FILED UNDER SEAL" in addition to the appropriate designation under Section 2 above and shall be disclosed and used solely in accordance with the terms and conditions of this Protective Order.

(b)     When a party anticipates that it may be necessary to use Information or Materials designated under either of the confidentiality designations defined in Sections 1(h)-(i) at trial or in any hearing before the Court, such party shall notify the other parties as soon as reasonably possible so the parties can cooperate to request appropriate confidentiality safeguards from the Court.

**8.      Procedure Upon Conclusion of the Action**

Within sixty (60) days of the conclusion of this action (whether by agreement of the parties or the exhaustion of all appeals, if any), the Receiving Party will, at the request and option of the Designating Party, either securely destroy and certify such destruction or return to the Designating Party all Materials and all documents summarizing or describing Information or Materials designated under either of the confidentiality designations defined in Sections 1(h)-(i), provided, however, that work product, briefs, transcripts and exhibits to transcripts, and other court papers prepared for use in this matter need not be returned or destroyed, but may be retained only by the parties' Counsel of Record and, if so retained, shall be maintained in accordance with the provisions and confidentiality restrictions of this

Protective Order. For deposition transcripts wherein a portion of the transcript has been designated as confidential under Section 1(h) or Section 1(i), Counsel of Record will retain only a copy of the transcript wherein the portions designated as confidential have been redacted.

9.  **Continuing Obligations of Confidentiality**

(a)  Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any Information or Materials designated under either of the confidentiality designations defined in Sections 1(h)-(i) shall relieve such person from the applicable obligations to maintain confidentiality of such information, as and for the period of time required hereunder.

(b)  Neither the execution of this Protective Order, nor the designation or failure to designate any Information or Materials under Sections 1(h)-(i) by any party, nor the treatment of such Information or Materials as confidential as required hereunder, shall be construed as an admission by the Receiving Party that the Information or Materials constitutes the proprietary intellectual property of the Producing Party, including without limitation whether the Information or Materials is protected from use as a trade secret or otherwise.

(c)  Nothing herein shall modify, or in any way excuse any party from, any preexisting obligation to maintain the confidentiality of any Information or Materials, except that such Information and Materials may be used or disclosed in accordance with the provisions of Section 3.

10.  **Non-Party Discovery**

In the event discovery is taken of any person not a party to this action, such person shall be provided with a copy of this Protective Order and may avail itself of its protections by designating Information or Materials in accordance herewith.

**11.   Modifications Hereto**

The parties may, from time to time and without the need for approval by the Court, agree to additional terms under which Information and/or Materials designated under either of the confidentiality designations defined in Sections 1(h)-(i) may be disclosed to others and shall promptly reduce any such additional agreements to writing.

**12.   Violations**

The parties agree that violations of this Protective Order may be subject to sanctions as this Court or other court with jurisdiction over the individual may deem appropriate, which may include, without limitation, monetary fines or other sanctions for contempt of court and damages sufficient to compensate the party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Materials were improperly disclosed.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 17th day of November, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge